## MICHIGAN LUMBER YARD *v.* BLESCH.

PRINCIPAL AND AGENT—BUILDING CONTRACT—ARCHITECTS—SCOPE OF AUTHORITY — MATERIALMEN — TRESPASS ON THE CASE — FRAUD.

No authority to bind the owner of a building under construction is conferred upon the architect so as to render the owner liable for the false representation of such architect to a materialman concerning the amounts that had been paid out under a building contract which provided that the work should be done under the supervision of the architect whose decision as to the construction and meaning of his drawings and specifications should be final, who should determine what modifications should be made, and that the contract price should be paid to the contractor only upon the certificate of the architect.

Error to Wayne; Rohnert, J. Submitted April 7, 1911. (Docket No. 48.) Decided July 5, 1911.

Case by the Michigan Lumber Yard, a corporation, against August F. Blesch, for false representations. A judgment for defendant on a verdict directed by the court is reviewed by plaintiff on writ of error. Affirmed.

*E. T. Berger*, for appellant.

*F. H. & G. L. Canfield* and *Hugh M. Edwards* (*George F. & Peter J. Monaghan*, of counsel), for appellee.

McALVAY, J. Plaintiff brings this case to this court upon writ of error from a judgment entered upon a verdict directed against it by the court. The suit was an action of trespass on the case. The facts necessary to be stated are: That plaintiff was a dealer in lumber and other building materials in the city of Detroit, and furnished a large quantity of such materials to a contractor

named Schneider, who, under a written contract with defendant alone, was at the time constructing a double dwelling house upon real estate in said city owned by defendant and his wife jointly; that the materials so furnished went into the construction of this building. Under the written contract this building was to be constructed according to plans and specifications of Louis Kamper, architect. This was not an unusual contract, and as far as this case is concerned we need only recite the authority conferred by its terms upon the architect. The only references in it relative to his authority are as follows:

"It is understood and agreed by and between the parties hereto that the work included in this contract is to be done under the direction of the said architect, and that his decision as to the true construction and meaning of the drawings and specifications shall be final. * * * No alterations shall be made in the work except upon the written order of the architect; the amount to be paid by the owner or allowed by the contractor by virtue of such alterations to be stated in said order."

"It is hereby mutually agreed between the parties hereto that the sum to be paid by the owner to the contractor for said work and material shall be $9,300, subject to additions and deductions as hereinbefore provided, and that such sum shall be paid by the owner to the contractor in current funds and only upon certificates of the architect as follows [giving the amounts and times of payment as the work progressed]."

Plaintiff predicates the liability of defendant in a suit of trespass on the case upon certain statements and representations of the architect, Kamper, claimed to have been made as agent of defendant, which it is claimed were false, and upon which plaintiff acted to its damage; that such damage resulted to it on account of forbearing from instituting lien proceedings or other action to secure itself for the amount owing to it by the contractor, Schneider.

It appears from the record that on December 12, 1908, two representatives of plaintiff went to Mr. Kamper about getting money on the Schneider account, who claim Kamper said to them that he could not pay any money on

that job until the floors were laid, and that he would not pay out any more until that time. He got out the books and showed them the contract, and showed that $4,620 was due Schneider, and said there was plenty of money to pay; that when the floors were laid $2,000 would be due on the contract and plaintiff would get its proportion; that they would be notified before any more money was paid. Plaintiff further shows that its representative told Kamper that he must have some money or be secured, and if he did not get money he would take steps to secure it. He was shown the books, and was satisfied by the promise; that he relied upon what Kamper said, and if he had not made these statements he would have taken steps to secure the claim. He saw Kamper again on the 15th or 16th day of February following, the day after the floors were laid, and told him he had come after his money. Kamper replied that he could not pay him, that he had no money. When asked what he had done with the $4,620 he had December 12th, which he promised he would not pay out without giving plaintiff notice, Kamper said but $1,400 remained. None of this was paid plaintiff, and it did not receive any payments afterwards. Plaintiff's representative later saw defendant, and told him that he had been to see Kamper to get a certificate for the money, and related what Kamper had said, and defendant referred him to Kamper, saying that Kamper had charge of everything with regard to payments on that building, and that he (defendant) would not pay out any money without a certificate from Kamper; that he returned to Kamper and demanded certificates and did not get any.

Errors relied upon by plaintiff are:

(1) Because the court erred in holding that the defendant could not be made liable under the plaintiff's proofs.

(2) Because the court erred in holding that Mr. Kamper, the architect, was not an agent with authority to bind defendant.

The liability of defendant in this case rests upon the

authority of Kamper under the contract, or given by defendant to him.   Upon this proposition the court charged the jury:

"There is nothing in that contract which authorized Mr. Kamper to direct the payment of money.   All that Mr. Kamper has to do is to supervise the work and see that it is rightly done, and when it is done to his satisfaction then he issues a certificate upon which money might be paid.   There is nothing anywhere except in this clause here which would carry any right on Mr. Kamper's part to attempt to bind Mr. Blesch in the way it is claimed by the plaintiff in this case.   So that Mr. Blesch would not be responsible for representations made by Mr. Kamper, if he made any, to the Michigan Lumber Yard."

The authority delegated to the architect contained in the contract has been stated. We agree with the trial court that there is nothing in it which would bind defendant by the representations upon which plaintiff relies, even if such representations have in all respects been of the character claimed by plaintiff, which is not necessary to be determined in this case.   We think that the testimony in the case does not show that defendant ever intimated or gave plaintiff's representatives to understand that Kamper had authority to bind him in any way by his statements or representations.   All of the evidence agrees that no one on behalf of plaintiff saw defendant personally until after the February talk with Kamper.   One witness testifies to calling defendant by telephone, and that he referred him to Kamper, but taking all of his testimony as true it is not sufficient to support the contention of plaintiff.   The court concluded his consideration of this claim of plaintiff by charging the jury:

"So that I say that, so far as any testimony here given by any of the Rosses (plaintiff's representatives) upon whether or not Mr. Kamper had authority beyond that which was within the natural scope of his authority as an architect, it is not revealed; that is, I mean to say that the testimony does not reveal anything beyond that. Therefore no action can be held against Mr. Blesch upon these representations even if they were made."

The learned circuit judge considered at length the character of the representations relied upon by plaintiff, and held that they, if true and authorized, were insufficient to create a liability.   We find it unnecessary to consider them in the disposition of this case as the plaintiff cannot recover because of a want of authority on the part of Mr. Kamper to bind defendant.

The judgment is affirmed.

OSTRANDER, C. J., and BIRD, HOOKER, and MOORE, JJ., concurred.